17-245
KEB/SMT

Firm No. 47812

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCO VERCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:26-cv-06283 |
| | ) | |
| FERRARI PLUMBING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FERRARI PLUMBING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, FERRARI PLUMBING, INC., (hereinafter referred to as "Defendant") by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information ("CMI")

**ANSWER: Defendant admits to the existence of a cause of action pursuant to the Copyright Act but denies any breach thereof.**

2. Marco Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

3. Defendant FERRARI PLUMBING INC. ("Ferrari Plumbing") is a family-operated, licensed plumbing company in Wheaton, Illinois, offering residential and commercial services like drain cleaning, water heater installation, and emergency repairs. At all times relevant herein, Ferrari Plumbing owned and operated the internet website located at the URL http://ferrariplumbing.net (the "Website").

**ANSWER: Defendant admits it is a family owned, licensed plumbing company conducting business out of Wheaton, Illinois. It further admits it is offering residential and commercial plumbing services in Illinois. Defendant admits it operated the website stated in this paragraph but denies being the sole operator of the website.**

4. Verch alleges that Ferrari Plumbing copied his copyrighted Work from the internet in order to advertise, market and promote its business activities. Ferrari Plumbing committed the violations alleged in connection with its business.

**ANSWER: Deny.**

**JURISDICTION AND VENUE**

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

**ANSWER: Defendant admits the existence of the Copyright Act and claims pursuable pursuant to the Act, but denies any breach thereof.**

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER: Admit.**

7. Ferrari Plumbing is subject to personal jurisdiction in Illinois.

**ANSWER: Admit.**

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Ferrari Plumbing engaged in infringement in this district, Ferrari Plumbing resides in this district, and Ferrari Plumbing is subject to personal jurisdiction in this district.

**ANSWER:** **Defendant admits venue is proper but denies the remaining allegations contained in this paragraph.**

**DEFENDANT**

9. Ferrari Plumbing Inc. is an Illinois Corporation, with its principal place of business at 120 Bridge Street, Suite 200, Wheaton, Illinois, 60187, and can be served by serving its Registered Agent, Wesley Ferrari, at the same listed address.

**ANSWER:** **Admit.**

10. In 2021, non-party Liliya Krivorychko created the photograph entitled "Plumber-with-adjustable wrench-repairing-pipes," which is shown below and referred to herein as the "Work."

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

11. Liliya Krivorychko subsequently transferred all rights in the Work to Plaintiff Verch.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

12. Verch registered the Work with the Register of Copyrights on June 04, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2254-613. The Certificate of Registration is attached hereto as Exhibit 1.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

13. On or about April 12, 2021, Verch published the Work by displaying it on his CCNULL.de account ("CCNULL") at the internet URL https://ccnull.de/foto/plumber-with-adjustable-wrench-repairing-pipes/1084956.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

14. Verch's Work is available through a Creative Commons 2.0 License.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

17. Verch's display of the Work on CCNULL also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms (collectively, the "Attributions").

[1] https://creativecommons.org/licenses/by/2.0/

**<u>ANSWER:</u> Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

18. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

**<u>ANSWER:</u> Defendant admits the existence of the protection afford by copyright laws, but has insufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph and demands strict proof thereof.**

19. At all relevant times Verch was the owner of the copyrighted Work.

**<u>ANSWER:</u> Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

**<u>INFRINGEMENT BY FERRARI PLUMBING</u>**

20. Ferrari Plumbing has never been licensed to use the Work for any purpose.

**<u>ANSWER:</u> Defendant admits it did not have an explicit license to use the work, but denies any violation of law.**

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Ferrari Plumbing copied the Work.

**<u>ANSWER:</u> Deny.**

22. On or about May 30, 2023, Verch discovered the unauthorized use of his Work on the Website at the URL https://ferrariplumbing.net/how-local-plumber-saves-the-day/.

**<u>ANSWER:</u> Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

23. Ferrari Plumbing copied Verch's copyrighted Work without Verch's permission or authority.

**ANSWER: Deny.**

24. After Ferrari Plumbing copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its plumbing business.

**ANSWER: Deny.**

25. Ferrari Plumbing copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

**ANSWER: Deny.**

26. Ferrari Plumbing committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

**ANSWER: Deny.**

27. Verch never gave Ferrari Plumbing permission or authority to copy, distribute or display the Work for any purpose.

**ANSWER: Defendant admits it never contacted Verch for explicit permission or authority to use the Work, but denies it violated any laws as further noted in its affirmative defenses.**

28. When Ferrari Plumbing copied and displayed the Work, Ferrari Plumbing removed Verch's CMI from the Work.

**ANSWER: Deny.**

29. Verch never gave Ferrari Plumbing permission or authority to remove CMI from the Work.

**ANSWER:** **Defendant admits it never contacted Verch for express permission or authority to use the Work, but denies it violated any laws as further noted in its affirmative defenses.**

30. When Ferrari Plumbing copied and displayed the Work, Ferrari Plumbing failed to provide attribution as required by the CC 2.0 license.

**ANSWER:** **Deny.**

31. Ferrari Plumbing's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

**ANSWER:** **Deny.**

32. Verch notified Ferrari Plumbing of the allegations set forth herein on November 13, 2025 and April 20, 2026. To date, the parties have failed to resolve this matter.

**ANSWER:** **Defendant admits it was contacted by a representative of Plaintiff but denies all other allegations in this paragraph.**

**COUNT I**
**COPYRIGHT INFRINGEMENT**

33. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

**ANSWER:** **Defendant hereby re-states and incorporates its Answers to paragraphs 1 through 32 as if fully set forth herein.**

34. Verch owns a valid copyright in the Work.

**ANSWER:** **Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

35. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

36. Ferrari Plumbing copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

**ANSWER: Deny.**

37. Ferrari Plumbing performed the acts alleged in the course and scope of its business activities.

**ANSWER: Defendant admits the allegations in this complaint are against alleged actions taken in the course and scope of its business but denies any violations of law.**

38. Defendant's acts were willful.

**ANSWER: Deny.**

39. Verch has been damaged.

**ANSWER: Deny.**

40. The harm caused to Verch has been irreparable.

**ANSWER: Deny.**

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, FERRARI PULMBING, INC., prays for judgment in its favor and against Plaintiff, and for any other relief this Court deems just.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

41. Verch incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

**ANSWER: Defendant hereby re-states and incorporates its Answers to paragraphs 1 through 32 as if fully set forth herein.**

42. The Work at issue in this case contains Copyright Management Information ("CMI").

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph and demands strict proof thereof.**

43. Ferrari Plumbing knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

**ANSWER: Deny.**

44. Ferrari Plumbing committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

**ANSWER: Deny.**

45. Ferrari Plumbing caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work at issue in this action protected under the Copyright Act.

**ANSWER: Deny.**

46. Verch has been damaged.

**ANSWER: Deny.**

47. The harm caused to Verch has been irreparable.

**ANSWER: Deny.**

## PRAYER FOR RELIEF

WHEREFORE, Defendant, FERRARI PULMBING, INC., prays for judgment in its favor and against Plaintiff, and for any other relief this Court deems just.

## AFFIRMATIVE DEFENSES

Defendant, FERRARI PULMBING, INC., by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, asserts the following affirmative defenses. Defendant further reserves the right to assert additional defenses based on further discovery and their ongoing investigation and if and when additional defenses become appropriate.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, FERRARI PULMBING, INC., by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for its Second Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. The transfer of certain photographs delivered by Plaintiff to third parties and, in particular, to third-party web sites, took place in accordance with an implied nonexclusive license granted by Plaintiff in which Plaintiff delivered said photographs with the intent that they be copied and distributed for the sale of goods or services.

2. Plaintiff's requested relief is barred or otherwise limited based on exhaustion and or express or implied license.

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, FERRARI PULMBING, INC., by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for its Second Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant's use was pursuant to the Fair Use (§ 107) legal doctrine which permits unauthorized use for purposes like criticism, comment, news reporting, teaching, scholarship, or research, evaluated via statutory factors (purpose, nature of work, amount used, and market effect).

2. Plaintiff's requested relief is barred by the Fair Use doctrine.

**THIRD AFFIRMATIVE DEFENSE**

NOW COMES the Defendant, FERRARI PULMBING, INC., by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for its Third Affirmative Defenses to Plaintiff's Compliant, states as follows:

1. Plaintiff's claims are barred in whole or in part because of a lack of originality in its Work precluded copyright ownership.

WHEREFORE, Defendant, FERRARI PULMBING, INC., prays for judgment in its favor and against Plaintiff, and for any other relief this Court deems just.

FERRARI PLUMBING, INC., Defendant

BY: /s/ Karl E. Bayer
HEYL, ROYSTER, VOELKER & ALLEN
Karl E. Bayer/ARDC #6230764
Sara M. Trevino/ARDC #6346572

HEYL, ROYSTER, VOELKER & ALLEN
33 N. Dearborn St., 7th Floor
Chicago, IL 60602
Telephone: 312/853-8700
Facsimile: 309/420-0402
Primary E-service: chiecf@heylroyster.com
Secondary E-service: kbayer@heylroyster.com
Secondary E-service: strevino@heylroyster.com

17-245
KEB/SMT
Firm No. 47812

**CERTIFICATE OF FILING AND PROOF OF SERVICE**

I certify that on September 22, 2026, I electronically filed and transmitted the foregoing **DEFENDANT FERRARI PLUMBING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Northern District, Eastern Division by using the CM/ECF eFileIL system.

I further certify that on September 22, 2026, that the individual named below has been served by transmitting a copy from my e-mail address to all primary and secondary e-mail addresses of record designated by that individual.

| | |
|---|---|
| ***Attorneys for Plaintiff***<br>Mr. J. Campbell Miller<br>Mr. Joel B. Rothman<br>Sriplaw, PA<br>742 South Rangeline Rd.<br>Carmel, IN 46032<br>***campbell.miller@sriplaw.com***<br>***joel.rothman@sriplaw.com*** | |

Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure [735 ILCS 5/1-109], I certify that the statements set forth in this **Certificate of Filing and Proof of Service** are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

/s/ Savit Nangia
snangia@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN
33 North Dearborn, 7th Floor
Chicago, IL 60602
Telephone: 312/853-8700
Facsimile: 312/782-0040
Primary E-service: chiecf@heylroyster.com
Secondary E-service: kbayer@heylroyster.com
Secondary E-service: strevino@heylroyster.com